UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELL J. STRICKLEN,

        Petitioner,

v.                                                 CASE NO. 10-12683

CAROL HOWES,                     PAUL D. BORMAN
                                                      UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

## ORDER TRANSFERRING THE HABEAS PETITION TO THE
## COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION

Petitioner Cornell J. Stricklen is a state prisoner at Coldwater Correctional Facility in Coldwater, Michigan. He recently filed a *pro se* habeas corpus petition challenging his Washtenaw County conviction and life sentence for felony murder. He alleges that he was not provided proper notice of the charged offense and that the Washtenaw County Circuit Court lacked jurisdiction to try, convict, and sentence him because the criminal complaint did not comply with statutory and constitutional requirements.

This is Petitioner's second habeas corpus petition. In 2007, Petitioner filed a federal habeas corpus petition challenging the same conviction and raising a similar jurisdictional issue. United States District Judge Arthur J. Tarnow denied the 2007 petition on the ground that Petitioner's jurisdictional claim was not cognizable on habeas review. *See Stricklen v. McKee*, No. 07-15016 (E.D. Mich. Aug. 8, 2008) (unpublished). The United States Court of Appeals for the Sixth Circuit subsequently declined to issue a certificate of appealability. *See Stricklen v. McKee*, No. 08-2162 (6th Cir. Jan. 15, 2009) (unpublished).

The Antiterrorism and Effective Death Penalty Act of 1996

established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S. Ct. 2333, 2337, 135 L. Ed. 2d 827 (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. [28 U.S.C.] § 2244(b)(3)(A).

*Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). In other words, "[i]f an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." *Magwood v. Patterson*, __ S. Ct. __, __, No. 09-158, 2010 WL 2518374, at *7 (U.S. June 24, 2010). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without authorization from the Court of Appeals, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not acquired authorization from the Court of Appeals to file another habeas petition. The Clerk of Court therefore is **ORDERED** to transfer this case to the Court of Appeals for a determination of whether this Court is authorized to consider the petition.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2010

---

[1] Section 1631 provides that,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 26, 2010.

                                              S/Denise Goodine
                                              Case Manager